**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANGEL LUIS BACALLO MONTES DE OCA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1839-D** |
| **FRED FIGUEROA[1], et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Angel Luis Bacallo Montes De Oca, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. The Court ordered a response, Doc. 9. Respondents filed a motion to dismiss without prejudice or, in the alternative, to stay these proceedings pending resolution of

---

1 Fred Figueroa, Warden of the Diamondback Correctional Facility, is not a federal official, and the motion to dismiss is not filed on his behalf. *See* Doc. 12.

2 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner's case before the Northern District of Texas.[4] Doc. 12. Petitioner has responded and the time for a reply has lapsed. Doc. 13. Petitioner has also sought to file an amended petition adding a party and to seek a writ of mandamus. Doc. 14. The motion to dismiss is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Respondents' motion to dismiss and dismiss the Petition without prejudice as duplicative of Petitioner's previously filed habeas action, which is currently before the Northern District of Texas.

**I. Factual background and procedural history.**

Petitioner, a native and citizen of Cuba, has been detained by Immigration and Customs Enforcement (ICE) since October 2025. Doc. 14, Ex. 1, at 1-2. His removal proceedings remain pending. The Department of Homeland Security paroled Petitioner on November 6, 2023. *Id.* at 4. On November 15, 2024, after maintaining his physical presence in the United States for over a year, he applied a Form I-485 application, which is an application to become a permanent resident or to adjust status under the

4 *Bacallo Montes De Oca v. Warden, Eden Det. Ctr.*, Case No. 26-cv-155-H (*Bacallo I*). Doc. 12, Ex. 3. The undersigned takes judicial notice of this petition and the ongoing proceedings in the N.D. Tex. *See* Fed. R. Evid. 201(b)(2).

Cuban Adjustment Act of 1966 (CAA). Doc. 14. Ex. 1, at 4; Doc. 1, Ex. 2. He completed mandatory biometrics, and his background check confirms his lack of any arrests, criminal record, or convictions. Doc. 14, Ex. 1, at 4; Doc. 1, Exs. 2 & 5.

Petitioner was previously detained at the Eden Detention Center in Texas. Doc. 12, at 2. While there, in April 2026, Petitioner filed a pro se petition for a writ of habeas corpus under § 2241 in the United States District Court for the Northern District of Texas, *Bacallo I*. Doc. 12, Ex. 3. Petitioner challenged his continued detention without an individualized custody hearing and sought his immediate release. *Id.* at 8-9. He also raised claims that are not properly brought in a § 2241 petition. *Id.* That petition remains pending.

At some point, ICE transferred Petitioner to Diamondback Correctional Facility in Watonga, Oklahoma, where Petitioner remains detained.[5] Doc. 1, at 2. On August 28, 2026, an Immigration Judge (IJ) found that the U.S. Citizenship and Immigration Service possessed exclusive jurisdiction over Petitioner's CAA application. Doc. 14, Ex. 1, at 2 & Ex. 2. In his motion to file an amended petition and a motion for a writ of mandamus, Petitioner asks this

---

[5] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Sept. 21, 2026).

Court to compel USCIS to adjudicate his application and to order his immediate release due to unconstitutional prolonged detention. Doc. 14, Ex. 1, at 6.

## II. Petitioner's claims.

His Petition before this Court raised a Fifth Amendment claim, a challenge to his unnecessary detention, and a challenge to the IJ's refusal to rule on his Form I-485 application.[6] Doc. 1, at 11-16. He also argues that his prolonged detention has become punitive. *Id.* at 16. He seeks immediate release or a bond hearing. *Id.* at 18.[7]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

[6] Petitioner's I-485 application was filed on November 15, 2024 and is still pending. Doc. 1, at 6. Petitioner moved to terminate his removal proceedings on the grounds that his immigration status was controlled by USCIS, not DHS. Doc. 13, Ex. 5. As noted, on August 28, 2026, the IJ ruled that jurisdiction over the I-485 application rests entirely with USCIS, and that USCIS can adjudicate the application whether or not removal proceedings remain pending. Doc. 14, Ex. 3.

[7] In the proposed Amended Petition, Petitioner (1) challenges USCIS's unreasonable delay in adjudicating his pending application; and (2) challenges his current detention as violating the Fifth Amendment because his detention has become punitive and serves no regulatory purpose. Doc. 14, Ex. 1, at 5.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Governing legal principles.

The first-to-file rule applies when substantially similar actions are pending in different federal courts. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) ("As a starting point, courts should apply the first-to-file rule."); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing the "general rule" that "the first court in which jurisdiction attaches has priority to consider the case."). The rule is discretionary and "permits, but does not require," a district court to decline to exercise jurisdiction in deference to a first-filed case in another federal district. *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 814-15 (10th Cir. 2023) (quoting *Wakaya*, 910 F.3d at 1124). The rule promotes judicial economy, consistency, and comity by avoiding duplicative litigation and potentially conflicting rulings. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599,

604 (5th Cir. 1999); *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1165 (N.D. Okla. 2010).

In determining whether the rule applies, courts generally consider "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Quint*, 89 F.4th at 815; *see MidCentral Equip. Servs., LLC v. Indian Creek Fabricators, Inc.*, No. CIV-25-109-SLP, 2025 WL 3140827, at *2 (W.D. Okla. Nov. 10, 2025). The parties and issues need not be identical in the actions for the first-to-file rule to apply; substantial overlap is sufficient. *See Cherokee Nation*, 724 F. Supp. 2d at 1168; *MidCentral Equip.*, 2025 WL 3140827, at *2 ("[T]he issues need only to substantially overlap in order to apply the first-to-file rule.").

Even when those threshold considerations favor application of the rule, the second-filed court may consider equitable circumstances that warrant departure from it. *See Wakaya*, 910 F.3d at 1127. If the rule applies and no equitable consideration counsels otherwise, the court may transfer the second-filed action, stay it pending resolution of the first, or dismiss it without prejudice. *See MidCentral Equip.*, 2025 WL 3140827, at *2; *Cherokee Nation*, 724 F. Supp. 2d at 1172.

These principles have also been applied to later-filed § 2241 petitions challenging immigration detention. *See Caballero Hernandez v. Warden,*

*Diamondback Corr. Facility*, No. CIV-26-1960-J, Doc. 11, at 2 (W.D. Okla. Aug. 17, 2026) (dismissing later-filed § 2241 petition without prejudice where the petitioner's first-filed habeas action remained pending); *Bakhronov v. Warden, Golden State Annex*, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) (dismissing later-filed immigration habeas action following petitioner's transfer where the first-filed court retained jurisdiction and the actions sought substantially similar relief).

Because Petitioner is not detained pursuant to a federal court judgment, § 2244(a)'s statutory restriction on successive § 2241 petitions does not apply by its terms. *See Stanko v. Davis*, 617 F.3d 1262, 1268-69 (10th Cir. 2010) (explaining that § 2244(a) does not apply to "alien detainees" [in civil detention] because they are not "in custody pursuant to a judgement of a court of the United States"). But traditional habeas principles likewise recognize a court's equitable discretion to decline repetitive review of claims previously presented and adjudicated. *See id.* at 1269-72; *Arrington v. U.S. Bureau of Prisons*, No. CIV-25-615-JD, 2026 WL 94643, at *2 (W.D. Okla. Jan. 13, 2026) (explaining that pre-AEDPA principles permit, but do not compel, a court to decline to entertain a claim previously heard and decided). *See also Fotabong v. FNU LNU*, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026) (explaining that when a

first § 2241 proceeding remains pending, the later-filed petition is generally dismissed without prejudice as duplicative).

## V. Analysis.

### A. Petitioner's transfer did not terminate jurisdiction over his first-filed Petition.

As a threshold matter, Petitioner's transfer to Oklahoma does not eliminate the proceedings already underway in Texas. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). *See Padilla*, 542 U.S. at 441; *Bakhronov*, 2026 WL 1826486, at *2 (rejecting petitioner's transfer as a basis for proceeding with a second immigration habeas action because the first-filed Texas court retained jurisdiction).

### B. Petitioner's present claims are substantially similar to the claims in the Texas action.

As Respondents argue, Petitioner's present claims (and those in his proposed Amended Petition) substantially overlap with those being litigated in the Northern District of Texas.[8] As discussed above, Petitioner previously

[8] Respondents refer to matters pending before the Fifth Circuit Court of Appeals, which is incorrect. Doc. 12, at 9. They make no mention of Petitioner's I-485 application.

challenged his prolonged detention without an individualized custody hearing and sought release or an individualized custody hearing. Exact identity of the claims is not required. *See Cherokee Nation*, 724 F. Supp. 2d at 1168 (explaining that issues are substantially similar when they seek like relief and turn on the same legal and factual issues).

Materially, Petitioner seeks, at least in part, the same relief here as he did in the Northern District of Texas. Petitioner contends that changed circumstances—including his continuing detention while his Form I-485 application remains pending and the asserted lack of substantive action in the Northern District of Texas—distinguish this action from his earlier petition and defeat any abuse-of-the-writ argument. Doc. 13, at 1-4. He further contends that continued detention while his application remains pending will cause him substantial prejudice. *Id.* at 4.

The Court notes that Petitioner's counsel has neither sought to dismiss his pending pro se petition, nor to enter an appearance in that matter, nor to seek leave to file an amended petition or a writ of mandamus before that court. Petitioner argues a material change in circumstances and judicial comity support this Court's retention of the matter, when in fact judicial comity supports its dismissal. *Id.* at 3.

Any change in Petitioner's removal proceedings likewise does not materially distinguish the claims presented here. Petitioner's grounds for relief here are framed as constitutional claims, and Petitioner expressly asserts that due process requires his release.[9] The relevant question is therefore whether this Court should adjudicate substantially the same constitutional challenge pending before the Northern District of Texas.

The undersigned concludes it should not adjudicate the matter. Adjudicating these claims here would duplicate pending litigation and risk inconsistent rulings. *See Cherokee Nation*, 724 F. Supp. 2d at 1168-69 (explaining that the first-to-file inquiry focuses on substantial overlap and seeks to avoid inconsistent rulings); *Bakhronov*, 2026 WL 1826486, at *2 (declining to proceed with second habeas petition where doing so could result in a conflicting ruling).

**C. Dismissal without prejudice is appropriate.**

---

[9] The undersigned recognizes that the Tenth Circuit has since addressed the statutory framework governing detention in circumstances similar to those alleged here. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Because the recommended disposition rests on the duplicative nature of the constitutional claims presented, the undersigned need not address the effect of that decision.

Respondents seek dismissal without prejudice or, alternatively, a stay pending resolution of Petitioner's first-filed petition. Doc. 12, at 3-10.[10] The undersigned recommends dismissal without prejudice.

A stay would leave this duplicative habeas action pending while the Northern District of Texas reviews the petition before it. Dismissal without prejudice avoids simultaneous litigation without adjudicating the merits of Petitioner's present detention. *See*, *e.g., Caballero Hernandez*, No. CIV-26-1960-J, Doc. 11, at 2 (dismissing later-filed § 2241 petition without prejudice because the first-filed habeas action remained pending); *Bakhronov,* 2026 WL 1826486, at *2 (same).

Accordingly, the undersigned concludes that dismissal without prejudice better serves the interests of judicial economy and comity.

**VI. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court grant Respondents' motion to dismiss, Doc. 12, to the extent that it seeks dismissal without prejudice; deny as moot the Respondents' request to stay

[10] Respondents incorrectly state the Texas petition is pending before the Fifth Circuit and the Northern District of Texas. Doc. 12, at 9-10. The petition is pending solely before the Northern District of Texas.

these proceedings; and enter an order dismissing the instant habeas petition, Doc. 1, without prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 6, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 22nd day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE