**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANGEL LUIS BACALLO MONTES DE OCA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1839-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

On July 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Earlier, on April 13, 2026, Petitioner filed a § 2241 habeas petition in the United States District Court for the Northern District of Texas, challenging his detention in U.S. Immigration and Customs Enforcement custody and seeking relief on the same claims raised in the Petition before this Court. *Bacallao Montes de Oca v. Warden, Eden Detention Center*, No. 6:26-cv-155-H, Doc. No. 1 (N.DE. Tex. April 13, 2026). On October 22, 2026, the Northern District of Texas dismissed Petitioner's claims. *Id*. at Doc Nos. 15–16.

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026). "If the first § 2241 is still pending, the later filed petition may be dismissed as duplicative and without prejudice." *Id*. (collecting cases). "The petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id*.

On the other hand, if "the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ." *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026). "The 'abuse of the writ' doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Id.* (citing *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010)); *see also Lazare*, 2026 WL 2071154, at *2 ("The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new 'claims [that] could have been raised in an earlier [petition] . . . but were not.'" (quoting *Stanko*, 617 F.3d at 1270)). Although abuse of the writ may be raised *sua sponte*, the Court must give Petitioner notice and opportunity to respond. *See Stanko*, 617 F.3d at 1271–1272 (finding harmless error where the district court raised abuse of the writ *sua sponte* and did not give the petitioner "notice and an opportunity to respond before dismissing his petition as abusive").

"Once the Court identifies claims that were raised in a prior petition (or could have been raised), '[t]he burden to disprove abuse . . . becomes petitioner's.'" *Lazare*, 2026 WL 2071154, at *2 (quoting *McCleskey v. Zant*, 499 U.S. 467, 488 (1991)). And to meet his burden, "Petitioner must 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id.* (quoting *McKleskey*, 499 U.S. at 494–95).

Here, the Northern District of Texas dismissed Petitioner's petition in that court. *Bacallao Montes de Oca v. Warden, Eden Detention Center*, No. 6:26-cv-155-H, Doc. No. 15 (N.DE. Tex. Oct. 22, 2026). Accordingly, Petitioner must show the Court "that a

fundamental miscarriage of justice would result from a failure to entertain" his claims in this district. *Lazare*, 2026 WL 2071154, at *2 (quoting *McKleskey*, 499 U.S. at 494–95).

**IT IS THEREFORE ORDERED** that Petitioner shall show cause not later than November 24, 2026, why the Petition should not be dismissed as an abuse of the writ. If Petitioner fails to show cause, the Court may dismiss the Petition with prejudice.

**IT IS SO ORDERED** this 3rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE