IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGEL LUIS BACALLO MONTES DE OCA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1839-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("Report") [Doc. No. 16], Petitioner's objection to the Report [Doc. No. 17], Petitioner's Supplemental Notice of Material Changes in Circumstances [Doc. No. 18], and Petitioner's Response to this Court's Order to Show Cause [Doc. No. 21]. Upon consideration, the Report is adopted, Respondents' Motion to Dismiss is granted, and Petitioner's Petition is denied.

**BACKGROUND**

Petitioner is a citizen of Cuba who was paroled into the United States on November 6, 2023. [Doc. No. 1]. On or about October 31, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner at the Eden Detention Center in Eden, Texas. [Doc. No. 1, p. 6; Doc. No. 12, p. 2]. On April 13, 2026, while still detained at Eden Detention Center, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241

in the United States District Court for the Northern District of Texas.[1] [Doc. Nos. 12-3, 12-4].

At some point, Petitioner was transferred to Diamondback Correctional Facility in Watonga, Oklahoma. *See* https://locator.ice.gov/odls/#/results (last visited November 2, 2026). On July 20, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court while his Texas Petition remained pending. [Doc. No. 1]. Respondents moved to dismiss Petitioner's Petition under the abuse of the writ doctrine. [Doc. No. 12]. Petitioner responded, arguing material changes in circumstances defeated Respondents' abuse of the writ defense. [Doc. No. 13].

The matter was referred to Judge Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 7]. Judge Mitchell issued a Report recommending the Court grant Respondents' Motion to Dismiss and dismiss the Petition without prejudice as duplicative of Petitioner's Texas Petition. [Doc. No. 16]. Petitioner filed an objection [Doc. No. 17] and a supplemental brief [Doc. No. 18].

After Petitioner filed his objection to the Report but before this Court's ruling, Judge James Wesley Hendrix in the Northern District of Texas denied Petitioner's Texas Petition and dismissed the action. *Bacallao Montes de Oca v. Warden, Eden Detention Center*, No. 6:26-cv-155-H, Doc. No. 15 (N.D.E. Tex. Oct. 22, 2026).

[1] To avoid confusion, the Court hereinafter refers to Petitioner's petition filed in the United States District Court for the Northern District of Texas as the "Texas Petition."

## DISCUSSION

### I. Objection to the Report

Petitioner objected to Judge Mitchell's Report, arguing Judge Mitchell 1) erred by failing to find material changes in facts and legal status defeat the abuse of the writ doctrine; 2) erred by applying the first-to-file rule despite "total stagnation" in the Northern District of Texas; 3) erred by disregarding the "catch-22" and "severe prejudice caused by dismissal;" and 4) should have recommended transfer rather than dismissal. [Doc. No. 17]. Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Upon consideration, the Court does not find Petitioner's objections persuasive. The Court agrees with Judge Mitchell's determination that the present claims substantially overlap with those that were presented in the Texas Petition, as well as the recommendation to dismiss this matter.

### II. Petitioner's Response to Show Cause Order

Under the abuse of the writ doctrine, courts may decline to hear § 2241 claims which were "both raised and adjudicated in an earlier petition" or "claims [which] could have been raised in an earlier [petition] but were not." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citations omitted).[2] "Once the Court identifies claims that were raised in

[2] Although 28 U.S.C. § 2244(a) does not apply to Petitioner's circumstances as he is not in custody "pursuant to a judgment of a court of the United States," courts have applied the abuse of the writ doctrine to § 2241 habeas petitions. *See, e.g.*, *Stanko*, 617 F.3d at 1268–70.

a prior petition (or could have been raised), '[t]he burden to disprove abuse . . . becomes petitioner's.'" *Lazare*, 2026 WL 2071154, at *2 (quoting *McCleskey v. Zant*, 499 U.S. 467, 488 (1991)). And to meet his burden, "Petitioner must 'show that a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id.* (quoting *McKleskey*, 499 U.S. at 494–95).

Judge Hendrix denied Petitioner's Texas Petition and found he is not entitled to a bond hearing under 8 U.S.C. § 1225, consistent with the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Bacallao Montes de Oca v. Warden, Eden Detention Center,* No. 6:26-cv-155-H, Doc. No. 15 (N.D.E. Tex. Oct. 22, 2026). And as discussed above, this Court agrees with Judge Mitchell's determination that the claims raised in both habeas petitions are substantially similar. Accordingly, this Court ordered Petitioner to show cause as to why a failure to entertain his claims would be a fundamental miscarriage of justice, and he timely filed his response. [Doc. Nos. 19, 21].

In his response, Petitioner argues the passage of time has given rise to an independent constitutional violation, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) in support of this assertion. [Doc. No. 17]. *Zadvydas* considered how long an alien subject to a final order of removal may be detained under 8 U.S.C. § 1231(a)(6). 533 U.S. at 682. Petitioner concedes his removal proceedings are ongoing. [*See* Doc. No. 17]. Accordingly, *Zadvydas* does not provide a basis for this position.

Petitioner also argues he did not have counsel prior to July 2026, so he was unable to fully litigate the "nuanced jurisdictional division between the Executive Office for Immigration Review (EOIR) and U.S. Citizenship and Immigration Services (USCIS)

under 8 C.F.R. § 1245.2(a)(1)(ii) and *Matter of Martinez-Montalvo*, 24 I&N Dec. 778 (BIA 2009)." [*See* Doc. No. 21, pp. 3–4]. However, Petitioner concedes his bond request was denied after retaining counsel, and he does not address the fact that his Texas Petition was dismissed on October 22, 2026, months after retaining counsel. The Court finds Petitioner's argument unpersuasive.

The crux of Petitioner's remaining arguments is that Petitioner's outcome may have been different in this jurisdiction. The Court is "not persuaded that Petitioner's relocation to a jurisdiction where the law is more favorable to him provides cause to bring a successive petition or establishes that a fundamental miscarriage of justice will occur from a failure to entertain Petitioner's" claims. *Abdimutal Khakim Ugli Yusupov v. Robert Cerna*, No. CIV-26-1452-R, 2026 WL 3182343, *2 (W.D. Okla. Oct. 23, 2026) (citing *Rabadanov v. Figueroa*, CIV-26-1441-L (W.D. Okla. Sept. 29, 2026) ("Allowing Petitioner to file a second habeas petition simply because he has been moved to a facility located in the Tenth Circuit, where the case law is favorable to his claim, is akin to forum shopping and provides no support for a fundamental miscarriage of justice finding.")). This is especially so after his claims have already been adjudicated by another court. *See Bacallao Montes de Oca*, No. 6:26-cv-155-H, Doc. No. 15 (N.D.E. Tex. Oct. 22, 2026).

## CONCLUSION

The Court finds Petitioner did not meet his burden to show a fundamental miscarriage of justice would result from declining to entertain his claims. Petitioner has therefore failed to disprove the claims in the instant action are an abuse of the writ. The Court agrees with Judge Mitchell's conclusion that this Court should not adjudicate this

duplicative matter, and her recommendation to grant the Respondent's Motion to Dismiss and dismiss this matter without prejudice.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss [Doc. No. 12] is **GRANTED**, and Petitioner Angel Luis Bacallo Montes De Oca's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED** for abuse of the writ.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE